UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON M. WILLIAMS,

        Petitioner,

                                      Case No. 19-cv-11754
v.                                          Hon. Matthew F. Leitman

GREGORY SKIPPER,

        Respondent.
_____/

**<u>ORDER (1) DENYING PETITIONER'S MOTION TO DISMISS THE CASE BUT GRANTING PETITIONER'S REQUEST TO STAY THIS PROCEEDING (ECF No. 12), (2) HOLDING HABEAS PETITION IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING THE CASE</u>**

      Michigan prisoner DeVon M. Williams is presently confined at the Michigan Reformatory in Ionia, Michigan. On June 12, 2019, Williams filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Williams challenges his Oakland County Circuit Court plea convictions of two counts of armed robbery in violation of Mich. Comp. Laws § 750.529.

      Williams has now filed a motion to dismiss or alternatively to stay his petition. (*See* Mot., ECF No. 12.) He seeks to return to the state trial court so that he can exhaust the issue that his choice of counsel was unconstitutionally denied (and perhaps others). (*See id*.) In lieu of dismissing the petition without prejudice, the Court will hold the petition in abeyance and stay the proceedings under the terms

outlined in this order so that Williams can return to state court and exhaust his additional claim(s).

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). A dismissal of a pending habeas petition while a petitioner pursues state remedies for an unexhausted claim could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court believes that such a stay is appropriate here while Williams attempts to exhaust his unexhausted claim(s) in state court.

Accordingly, **IT IS HEREBY ORDERED** that Williams' motion to dismiss is **DENIED**, but his request to hold the petition in abeyance while he pursues state remedies for his unexhausted claim(s) is **GRANTED**. This stay is conditioned upon Williams presenting his unexhausted claim(s) to the state courts by filing a motion for relief from judgment in state trial court within **ninety (90) days** of the date of

2

this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Williams' motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id*.

The stay is further conditioned on Williams' return to this Court with an amended petition and a motion to reopen the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If Williams fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Upon receipt of Williams' amended petition and motion to reopen this case, the Court will order the Clerk to reopen this case for statistical purposes. Nothing in this order or the related docket entry shall be construed as an adjudication of any of Williams' claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

Dated: February 9, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 9, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761